WO

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF ARIZONA**

| | |
|---|---|
| Anthony Jackson, | No.  CV 13-630-PHX-RCB (LOA) |
| Plaintiff, | |
| vs. | **O R D E R** |
| Charles Ryan, et al., | |
| Defendants. | |

On March 28, 2013, Plaintiff Anthony Jackson, who is confined in the Arizona State Prison Complex-Lewis in Buckeye, Arizona, filed a "Notice of Intention to File Tort Claim" (Doc. 1).  On June 24, 2013, he filed a "Notice to Court," in which he states that he made a mistake and "will be filing a 42 USC 1983 Civil Rights Complaint."

In a July 17, 2013 Order, the Court noted that Plaintiff had not paid the $350.00 filing fee or filed an Application to Proceed *In Forma Pauperis*.  The Court gave Plaintiff 30 days to either pay the filing fee or file a complete Application to Proceed.  In addition, the Court construed the "Notice of Intention to File Tort Claim" as a "Complaint" and dismissed it because it was not filed on a court-approved form, as required by Local Rule of Civil Procedure 3.4.  The Court gave Plaintiff 30 days to file an amended complaint on a court-approved form.

On July 31, 2013, Plaintiff filed a First Amended Complaint pursuant to 42 U.S.C. § 1983 (Doc. 6), a Motion for a Temporary Restraining Order (Doc. 7), and an Application to Proceed *In Forma Pauperis* (Doc. 8).   The Court will grant the

JDDL-K

Application to Proceed, will dismiss the First Amended Complaint with leave to amend, and will deny without prejudice the Motion for a Temporary Restraining Order.

## I.   Application to Proceed *In Forma Pauperis* and Filing Fee

Plaintiff's Application to Proceed *In Forma Pauperis* will be granted.  28 U.S.C. § 1915(a).  Plaintiff must pay the statutory filing fee of $350.00.  28 U.S.C. § 1915(b)(1).  The Court will not assess an initial partial filing fee.  28 U.S.C. § 1915(b)(1).  The statutory fee will be collected monthly in payments of 20% of the previous month's income each time the amount in the account exceeds $10.00.  28 U.S.C. § 1915(b)(2).  The Court will enter a separate Order requiring the appropriate government agency to collect and forward the fees according to the statutory formula.

## II.   Statutory Screening of Prisoner Complaints

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or an employee of a governmental entity.  28 U.S.C. § 1915A(a).  The Court must dismiss a complaint or portion thereof if a plaintiff has raised claims that are legally frivolous or malicious, that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1), (2).

A pleading must contain a "short and plain statement of the claim *showing* that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2) (emphasis added).  While Rule 8 does not demand detailed factual allegations, "it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  *Id.*

"[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Id.* (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Id.*  "Determining whether a complaint states a plausible

claim for relief [is] . . . a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679.  Thus, although a plaintiff's specific factual allegations may be consistent with a constitutional claim, a court must assess whether there are other "more likely explanations" for a defendant's conduct.  *Id.* at 681.

But as the United States Court of Appeals for the Ninth Circuit has instructed, courts must "continue to construe *pro se* filings liberally." *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010).  A "complaint [filed by a *pro se* prisoner] 'must be held to less stringent standards than formal pleadings drafted by lawyers.'" *Id.* (quoting *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (*per curiam*)).

If the Court determines that a pleading could be cured by the allegation of other facts, a *pro se* litigant is entitled to an opportunity to amend a complaint before dismissal of the action.  *See Lopez v. Smith*, 203 F.3d 1122, 1127-29 (9th Cir. 2000) (*en banc*).  The Court should not, however, advise the litigant how to cure the defects.  This type of advice "would undermine district judges' role as impartial decisionmakers." *Pliler v. Ford*, 542 U.S. 225, 231 (2004); *see also Lopez*, 203 F.3d at 1131 n.13 (declining to decide whether the court was required to inform a litigant of deficiencies).  The Court will dismiss Plaintiff's Complaint for failure to state a claim, but because the Complaint may possibly be saved by amendment, will dismiss the Complaint with leave to amend.

**III.   First Amended Complaint**

In his four-count First Amended Complaint, Plaintiff sues the following Defendants: Deputy Warden Kimberly Currier, S.S.U. Sergeants Kindall and King, Correctional Officer (CO) IV Baca, Sergeants Grant and Hilbun, and CO IIs Hodges, Rohror, King, and Roberts.

In **Count One**, Plaintiff alleges that his Eighth Amendment rights were violated. Plaintiff asserts that an inmate attempted to extort him and another inmate and threatened them with bodily harm and death if they did not agree to help facilitate bringing contraband into the prison.  Plaintiff claims that "an attempt was made [by someone] to

provide notice to [Defendants Kindall and Sergeant King through] the inmate letter system, but "no response was ever received from either of them" and they did not "call Plaintiff in." Plaintiff states that the inmate's threats escalated, Plaintiff was told by someone that "disciplinary action would be written and forwarded with documents to insure that the issue would be brought to the attention of appropriate staff," but staff was warned by someone that Plaintiff's life would be in danger if he remained on the unit. Plaintiff states that Defendant Currier failed to transfer Plaintiff to a different unit after she was "notified of such actions." Plaintiff alleges that he suffered mental anguish.

In **Count Two**, Plaintiff alleges violations of his First, Fifth, Eighth, and Fourteenth Amendment rights. Plaintiff claims that during a visit with his family, he gave someone "the written plans from the prisoners who were behind threats related to bringing contraband into prison." Plaintiff states that he told a visitation officer that he did not know who to trust because a correctional officer "was telling other inmates who was snitching" and, therefore, Plaintiff "would prefer not to explain all the details related to the documents he was turning over." Plaintiff states that he "asked and hoped that the documents would be turned over to the appropriate staff." Plaintiff contends that Defendant Currier "has indefinitely and permanently denied Plaintiff visitation and phone privileges as a result of the above in retaliation." Plaintiff claims he is suffering mental anguish and duress and is being kept from his family.

In **Count Three**, Plaintiff alleges that his Eighth Amendment rights were violated regarding disciplinary proceedings. He claims that he told prison staff that his life was in danger, they told him to return to a unit, and he informed them that he could not because he had "do not house issues" in that unit. Plaintiff contends that at that point, Defendants Baca, Grant, and Hilbun placed Plaintiff on report for refusing to house. Plaintiff states that Defendant Baca subsequently asked Plaintiff again to return to the unit, Plaintiff stated that his life was in danger in that unit, and Defendant Baca again placed Plaintiff on report for refusing to house. Plaintiff asserts that Defendant Atwood found Plaintiff guilty, without allowing Plaintiff to call witnesses or submit witness statements. Plaintiff

claims he lost "<u>all</u> privileges including very limited access to commissary, [was] placed in a detention unit, [and had] no library access."

In **Count Four**, Plaintiff alleges a violation of his Fifth and Fourteenth Amendment rights regarding his property. Plaintiff asserts that when he was moved on several occasions, his property was not properly inventoried, and some of it was lost. Plaintiff claims that Defendants Roberts, Hodges, CO II King, and Rohror never gave him inventory sheets and that Defendant Robert stated in a grievance report that Plaintiff could not pursue the grievance process further because he was "[out] of time frames." Plaintiff asserts that Defendant Baca advised Defendant Robert to say this and that "[a]s a result of this[,] it is almost impossible for [Plaintiff] to receive payment as replacement of the lost property."

In his Request for Relief, Plaintiff seeks monetary damages, his costs of suit, and the following injunctive relief: to be transferred to the Minnesota prison system and to "reinstate phone and visits, replace missing property or reimburse money, vacate all disciplinary, give back any good time and reinstate parole class 3, retrain staff <u>not</u> to interfere with grievances, reinstate Phase III, [and] back pay."

## IV.   Failure to State a Claim

Although *pro se* pleadings are liberally construed, *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972), conclusory and vague allegations will not support a cause of action. *Ivey v. Board of Regents of the University of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982). Further, a liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled. *Id.*

### A.   Count One

An Eighth Amendment claim requires a sufficiently culpable state of mind by the Defendants, known as "deliberate indifference." *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). Deliberate indifference is a higher standard than negligence or lack of ordinary due care for the prisoner's safety. *Id.* at 835. To state a claim of deliberate indifference, plaintiffs must meet a two-part test. First, the alleged constitutional deprivation must be,

objectively, "sufficiently serious"; the official's act or omission must result in the denial of "the minimal civilized measure of life's necessities." *Id.* at 834. Second, the prison official must have a "sufficiently culpable state of mind," *i.e.*, he must act with deliberate indifference to inmate health or safety. *Id.* In defining "deliberate indifference" in this context, the Supreme Court has imposed a subjective test: "the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, *and* he must also draw the inference." *Id.* at 837 (emphasis added).

Plaintiff's allegations, therefore, are too vague and conclusory to state a deliberate indifference claim. Plaintiff does not identify when the events described in Count One allegedly occurred. Nor does he allege whether an inmate letter was actually submitted to Defendants Kindall and Sergeant King, and, if it was, who submitted it or what it stated. Plaintiff does not claim that Defendants Kindall and Sergeant King were deliberately indifferent to a substantial risk to Plaintiff's safety. Specifically, Plaintiff does not indicate whether Defendants Kindall and Sergeant King actually received the letter, whether they completely disregarded the letter, whether they took no action at all as a result of the letter, whether their failure to respond or "call Plaintiff in" was more than mere negligence, or whether they investigated the issue and did not respond because they determined that no substantial risk to his safety existed.

Similarly, Plaintiff does not identify the actions about which Defendant Currier was notified and does not allege that Defendant Currier was deliberately indifferent. He does not claim that she failed to act; he simply alleges that she did not transfer him. Nor does he indicate whether she completely disregarded the information, whether her failure to transfer him was more than mere negligence, or whether she investigated the issue and did not transfer Plaintiff because she determined that no substantial risk to his safety existed. The Court also notes that Plaintiff is not currently confined in the unit in which he was threatened and that Plaintiff does not allege that he was injured at all by the inmate.

Thus, the Court will dismiss without prejudice Count One.

### B.    Count Two

Plaintiff's allegations in Count Two are vague and conclusory and virtually incomprehensible.   To the extent Plaintiff is claiming that Defendant Currier denied him phone and visitation privileges in retaliation for Plaintiff attempting to hand-deliver documents to a visitor, he has failed to state a claim.  A viable claim of First Amendment retaliation contains five basic elements: (1) an assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights (or that the inmate suffered more than minimal harm) and (5) did not reasonably advance a legitimate correctional goal.  *Rhodes v. Robinson*, 408 F.3d 559, 567-68 (9th Cir. 2005); *see also Hines v. Gomez*, 108 F.3d 265, 267 (9th Cir. 1997) (retaliation claims requires an inmate to show (1) that the prison official acted in retaliation for the exercise of a constitutionally protected right, and (2) that the action "advanced no legitimate penological interest").  The plaintiff has the burden of demonstrating that his exercise of his First Amendment rights was a substantial or motivating factor behind the defendants' conduct.  *Mt. Healthy City School Dist. Bd. of Educ. v. Doyle*, 429 U.S. 274, 287 (1977); *Soranno's Gasco, Inc. v. Morgan*, 874 F.2d 1310, 1314 (9th Cir. 1989).

Plaintiff does not allege that attempting to hand-deliver documents to a prison visitor is protected conduct or that Defendant Currier's actions did not advance a legitimate penological goal such as maintaining institutional security and internal order and discipline.   *See Bell v. Wolfish*, 441 U.S. 520, 546 (1979)   ("[M]aintaining institutional security and preserving internal order and discipline are essential goals that may require limitation or retraction of the retained constitutional rights of both convicted prisoners and pretrial detainees.").

In addition, "freedom of association is among the rights least compatible with incarceration.  Some curtailment of that freedom must be expected in the prison context." *Overton v. Bazzetta*, 539 U.S. 126, 131 (2003) (internal citation omitted).   "[A] prison inmate retains those First Amendment rights that are not inconsistent with his status as a

prisoner or with the legitimate penological objectives of the corrections system." *Pell v. Procunier*, 417 U.S. 817, 822 (1974).  Thus, a prison can "adopt regulations which impinge on an inmate's constitutional rights if those regulations are 'reasonably related to legitimate penological interests.'" *Witherow v. Paff*, 52 F.3d 264, 265 (9th Cir. 1995) (quoting *Turner v. Safley*, 482 U.S. 78, 89 (1987)).  Plaintiff does not allege that the limitations on his visitation and phone privileges are not reasonably related to legitimate penological interests.

Finally, to the extent Plaintiff is attempting to raise an Eighth Amendment claim in Count Two, he has failed to state a claim because his vague and conclusory allegations do not support a claim that Defendant Currier acted with deliberate indifference to his health or safety.

Thus, the Court will dismiss without prejudice Count Two.

## C.   Count Three

In his Request for Relief, Plaintiff seeks, among other things, for his disciplinary proceedings or sanctions to be vacated and for his good time credits and parole class three to be reinstated.  "[A] state prisoner seeking injunctive relief against the denial or revocation of good-time credits must proceed in habeas corpus, and not under § 1983." *Nonnette v. Small*, 316 F.3d 872, 875 (9th Cir. 2002).  In addition, if a judgment for Plaintiff regarding the denial of due process in a prison disciplinary proceeding would invalidate or imply the invalidity of the deprivation of good-time credits, the claim is barred under *Heck v. Humphrey*, 512 U.S. 477 (1994), unless Plaintiff can show that the disciplinary conviction has been previously invalidated.  *See Edwards v. Balisok*, 520 U.S. 641, 646-48 (1997); *Heck*, 512 U.S. at 486-87; *Nonnette*, 316 F.3d at 875.  *See also Wilkinson v. Dotson*, 544 U.S. 74, 81-82 (2005) ("[A] state prisoner's § 1983 action is barred (absent prior invalidation)–no matter the relief sought (damages or equitable relief), no matter the target of the prisoner's suit (state conduct leading to conviction or internal prison proceedings)–*if* success in that action would necessarily demonstrate the invalidity of confinement or its duration.").

1    Here, Plaintiff's claim, if decided in his favor, would either invalidate or imply the

2    invalidity of the loss of his good time credits.  Because Plaintiff has not demonstrated that

3    his prison disciplinary proceedings have been reversed, expunged, declared invalid, or

4    called into question by a federal court's issuance of a writ of habeas corpus, his claim is

5    barred by *Heck*.  Therefore, the Court will dismiss Count Three.

6         **D.    Count Four**

7         The "Due Process Clause is simply not implicated by a *negligent* act of an official

8    causing unintended loss of or injury to life, liberty, or property."  *Daniels v. Williams*,

9    474 U.S. 327, 328 (1986).  Moreover, even unauthorized and intentional deprivations of

10   property do not constitute a violation of procedural requirements of the Due Process

11   Clause if a meaningful post-deprivation remedy for the loss is available.  *Hudson v.*

12   *Palmer*, 468 U.S. 517, 533 (1984).

13        A prison grievance procedure for property loss claims can provide an adequate

14   post-deprivation remedy.  *See Al-Ra'id v. Ingle*, 69 F.3d 28, 32 (5th Cir. 1995).  It

15   appears that Plaintiff used the inmate grievance system to seek reimbursement for his

16   property loss.  He does not claim the system was inadequate; he is just unhappy with the

17   result.  This is insufficient to state a claim.  But even if the prison's grievance system was

18   an inadequate post-deprivation remedy, Plaintiff still had an adequate post-deprivation

19   remedy in the Arizona state courts.  *See Howland v. State*, 818 P.2d 1169, 1172-73 (Ariz.

20   App. 1991) (the prisoner failed to state a due process claim where Arizona law provided

21   an available state tort remedy to recover the value of his property).  Thus, Plaintiff has

22   failed to state a due process claim regarding the loss of his property.  The Court will

23   dismiss without prejudice Count Four.

24   **V.    Leave to Amend**

25        For the foregoing reasons, Plaintiff's First Amended Complaint will be dismissed

26   for failure to state a claim upon which relief may be granted.  Within 30 days, Plaintiff

27   may submit a second amended complaint to cure the deficiencies outlined above.  The

28   Clerk of Court will mail Plaintiff a court-approved form to use for filing a second

JDDL-K

amended complaint.  If Plaintiff fails to use the court-approved form, the Court may strike the second amended complaint and dismiss this action without further notice to Plaintiff.

Plaintiff must clearly designate on the face of the document that it is the "Second Amended Complaint."  The second amended complaint must be retyped or rewritten in its entirety on the court-approved form and may not incorporate any part of the original Complaint or First Amended Complaint by reference.  Plaintiff may include only one claim per count.

A second amended complaint supersedes the original Complaint and First Amended Complaint.  *Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992); *Hal Roach Studios v. Richard Feiner & Co.*, 896 F.2d 1542, 1546 (9th Cir. 1990).  After amendment, the Court will treat the original Complaint and First Amended Complaint as nonexistent.  *Ferdik*, 963 F.2d at 1262.  Any cause of action that was raised in the original Complaint or First Amended complaint is waived if it is not raised in a second amended complaint.  *King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1987).

**VI.    Motion for a Temporary Restraining Order**

An injunction or temporary restraining order is appropriate to grant intermediate relief of the same character as which may be granted finally, and relief is not proper when requested on matters lying wholly outside the issues in suit.  *See DeBeers Consol. Mines v. United States.*, 325 U.S. 212, 220 (1945); *Kaimowitz v. Orlando, Fla.*, 122 F.3d 41, 43 (11th Cir.), *amended*, 131 F.3d 950 (11th Cir. 1997).  To obtain injunctive relief, the party "must necessarily establish a relationship between the injury claimed in the party's motion and the conduct asserted in the complaint."  *Devose v. Herrington*, 42 F.3d 470, 471 (8th Cir. 1994).  Because the Court has dismissed the First Amended Complaint, the Court will deny as moot Plaintiff's Motion for a Temporary Restraining Order.

. . . .

. . . .

. . . .

**VII.    Warnings**

    **A.    Release**

        Plaintiff must pay the unpaid balance of the filing fee within 120 days of his release.  Also, within 30 days of his release, he must either (1) notify the Court that he intends to pay the balance or (2) show good cause, in writing, why he cannot.  Failure to comply may result in dismissal of this action.

    **B.    Address Changes**

        Plaintiff must file and serve a notice of a change of address in accordance with Rule 83.3(d) of the Local Rules of Civil Procedure.  Plaintiff must not include a motion for other relief with a notice of change of address.  Failure to comply may result in dismissal of this action.

    **C.    Copies**

        Plaintiff must submit an additional copy of every filing for use by the Court.  *See* LRCiv 5.4.  Failure to comply may result in the filing being stricken without further notice to Plaintiff.

    **D.    Possible "Strike"**

        Because the First Amended Complaint has been dismissed for failure to state a claim, if Plaintiff fails to file a second amended complaint correcting the deficiencies identified in this Order, the dismissal may count as a "strike" under the "3-strikes" provision of 28 U.S.C. § 1915(g).  Under the 3-strikes provision, a prisoner may not bring a civil action or appeal a civil judgment *in forma pauperis* under 28 U.S.C. § 1915 "if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury."  28 U.S.C. § 1915(g).

. . . .

. . . .

### E.    Possible Dismissal

If Plaintiff fails to timely comply with every provision of this Order, including these warnings, the Court may dismiss this action without further notice. *See Ferdik*, 963 F.2d at 1260-61 (a district court may dismiss an action for failure to comply with any order of the Court).

**IT IS ORDERED:**

(1)    Plaintiff's Application to Proceed *In Forma Pauperis* (Doc. 8) is **granted**.

(2)    As required by the accompanying Order to the appropriate government agency, Plaintiff must pay the $350.00 filing fee and is not assessed an initial partial filing fee.

(3)    The First Amended Complaint (Doc. 6) is **dismissed** for failure to state a claim.  Plaintiff has **30 days** from the date this Order is filed to file a second amended complaint in compliance with this Order.

(4)    If Plaintiff fails to file a second amended complaint within 30 days, the Clerk of Court must, without further notice, enter a judgment of dismissal of this action with prejudice that states that the dismissal may count as a "strike" under 28 U.S.C. § 1915(g).

(5)    Plaintiff's Motion for a Temporary Restraining Order (Doc. 7) is **denied as moot**.

(6)    The Clerk of Court must mail Plaintiff a court-approved form for filing a civil rights complaint by a prisoner.

DATED this 28th day of October, 2013.

_____
Robert C. Broomfield
Senior United States District Judge

JDDL-K

- 12 -

**Instructions for a Prisoner Filing a Civil Rights Complaint
in the United States District Court for the District of Arizona**

1.  Who May Use This Form.  The civil rights complaint form is designed to help incarcerated persons prepare a complaint seeking relief for a violation of their federal civil rights.  These complaints typically concern, but are not limited to, conditions of confinement.  **This form should not be used to challenge your conviction or sentence**.  If you want to challenge a state conviction or sentence, you should file a petition under 28 U.S.C. § 2254 for a writ of habeas corpus by a person in state custody.  If you want to challenge a federal conviction or sentence, you should file a motion under 28 U.S.C. § 2255 to vacate sentence in the federal court that entered the judgment.

2.  The Form.  **Local Rule of Civil Procedure (LRCiv) 3.4(a) provides that complaints by incarcerated persons must be filed on the court-approved form.**  The form must be typed or neatly handwritten. The form must be completely filled in to the extent applicable.  All questions must be answered clearly and concisely in the appropriate space on the form.  If needed, you may attach additional pages, **but no more than fifteen additional pages**, of standard letter-sized paper.  You must identify which part of the complaint is being continued and number all pages. If you do not fill out the form properly, you will be asked to submit additional or corrected information, which may delay the processing of your action.  You do not need to cite law.

3.  Your Signature.  You must tell the truth and sign the form.  If you make a false statement of a material fact, you may be prosecuted for perjury.

4.  The Filing Fee.  The filing fee for this action is $350.00.  If you are unable to immediately pay the filing fee, you may request leave to proceed *in forma pauperis*.  Please review the "Information for Prisoners Seeking Leave to Proceed with a (Non-Habeas) Civil Action in Federal Court *In Forma Pauperis* Pursuant to 28 U.S.C. § 1915" for additional instructions.

5.  Original and Judge's Copy.  You must send an **original plus one copy** of your complaint and of any other documents submitted to the Court.  You must send one additional copy to the Court if you wish to have a file-stamped copy of the document returned to you.  All copies must be identical to the original.  Copies may be legibly handwritten.

6.  Where to File.  You should file your complaint in the division **where you were confined when your rights were allegedly violated**.  See LRCiv 5.1(a) and 77.1(a).  If you were confined in Maricopa, Pinal, Yuma, La Paz, or Gila County, file in the Phoenix Division.  If you were confined in Apache, Navajo, Coconino, Mohave, or Yavapai County, file in the Prescott Division.  If you were confined in Pima, Cochise, Santa Cruz, Graham, or Greenlee County, file in the Tucson Division.  **Mail the original and one copy of the complaint with the $350 filing fee or the application to proceed *in forma pauperis* to:**

Phoenix & Prescott Divisions:  **OR**  Tucson Division:
U.S. District Court Clerk            U.S. District Court Clerk
U.S. Courthouse, Suite 130          U.S. Courthouse, Suite 1500
401 West Washington Street, SPC 10  405 West Congress Street
Phoenix, Arizona  85003-2119        Tucson, Arizona  85701-5010

7.  <u>Change of Address</u>.  You must immediately notify the Court and the defendants in writing of any change in your mailing address.  **Failure to notify the Court of any change in your mailing address may result in the dismissal of your case.**

8.  <u>Certificate of Service</u>.  You must furnish the defendants with a copy of any document you submit to the Court (except the initial complaint and application to proceed *in forma pauperis*). Each original document (except the initial complaint and application to proceed *in forma pauperis*) must include a certificate of service on the last page of the document stating the date a copy of the document was mailed to the defendants and the address to which it was mailed. <u>See</u> Fed. R. Civ. P. 5(a), (d).  Any document received by the Court that does not include a certificate of service may be stricken.  A certificate of service should be in the following form:

I hereby certify that a copy of the foregoing document was mailed
this _____ (month, day, year) to:
Name:  _____
Address:_____
          Attorney for Defendant(s)

_____
(Signature)

9.  <u>Amended Complaint</u>.  If you need to change any of the information in the initial complaint, you must file an amended complaint.  The amended complaint must be written on the court-approved civil rights complaint form.  You may file one amended complaint without leave (permission) of Court before any defendant has answered your original complaint.  <u>See</u> Fed. R. Civ. P. 15(a).  After any defendant has filed an answer, you must file a motion for leave to amend and lodge (submit) a proposed amended complaint.  LRCiv 15.1.  In addition, an amended complaint may not incorporate by reference any part of your prior complaint.  LRCiv 15.1(a)(2).  **Any allegations or defendants not included in the amended complaint are considered dismissed**.  All amended complaints are subject to screening under the Prison Litigation Reform Act; screening your amendment will take additional processing time.

10.  <u>Exhibits</u>.  You should not submit exhibits with the complaint or amended complaint. Instead, the relevant information should be paraphrased.  You should keep the exhibits to use to support or oppose a motion to dismiss, a motion for summary judgment, or at trial.

11.  <u>Letters and Motions</u>.  It is generally inappropriate to write a letter to any judge or the staff of any judge.  The only appropriate way to communicate with the Court is by filing a written pleading or motion.

2

12.  <u>Completing the Civil Rights Complaint Form</u>.

**HEADING:**

    1.  <u>Your Name</u>.  Print your name, prison or inmate number, and institutional mailing address on the lines provided.

    2.  <u>Defendants</u>.  If there are **four or fewer** defendants, print the name of each.  If you name **more than four** defendants, print the name of the first defendant on the first line, write the words "and others" on the second line, and attach an additional page listing the names of **all** of the defendants.  Insert the additional page after page 1 and number it "1-A" at the bottom.

    3.  <u>Jury Demand</u>.  If you want a jury trial, you must write "JURY TRIAL DEMANDED" in the space below "CIVIL RIGHTS COMPLAINT BY A PRISONER."  Failure to do so may result in the loss of the right to a jury trial.  A jury trial is not available if you are seeking only injunctive relief.

**Part A.  JURISDICTION:**

    1.  <u>Nature of Suit</u>.  Mark whether you are filing the complaint pursuant to 42 U.S.C. § 1983 for state, county, or city defendants; "<u>Bivens v. Six Unknown Federal Narcotics Agents</u>" for federal defendants; or "other."  If you mark "other," identify the source of that authority.

    2.  <u>Location</u>.  Identify the institution and city where the alleged violation of your rights occurred.

    3.  <u>Defendants</u>.  Print all of the requested information about each of the defendants in the spaces provided.  If you are naming more than four defendants, you must provide the necessary information about each additional defendant on separate pages labeled "2-A," "2-B," etc., at the bottom.  Insert the additional page(s) immediately behind page 2.

**Part B.  PREVIOUS LAWSUITS:**

    You must identify any other lawsuit you have filed in either state or federal court while you were a prisoner.  Print all of the requested information about each lawsuit in the spaces provided.  If you have filed more than three lawsuits, you must provide the necessary information about each additional lawsuit on a separate page.  Label the page(s) as "2-A," "2-B," etc., at the bottom of the page and insert the additional page(s) immediately behind page 2.

**Part C.  CAUSE OF ACTION:**

    You must identify what rights each defendant violated.  The form provides space to allege three separate counts (**one violation per count**).  If you are alleging more than three counts, you must provide the necessary information about each additional count on a separate page.  Number the additional pages "5-A," "5-B," etc., and insert them immediately behind page 5.  Remember that you are limited to a total of fifteen additional pages.

1. <u>Counts</u>.  You must identify which civil right was violated.  **You may allege the violation of only one civil right per count**.

2. <u>Issue Involved</u>.  Check the box that most closely identifies the issue involved in your claim.  **You may check only one box per count**.  If you check the box marked "Other," you must identify the specific issue involved.

3. <u>Supporting Facts</u>.  After you have identified which civil right was violated, you must state the supporting facts.  Be as specific as possible.  You must state what each individual defendant did to violate your rights.  If there is more than one defendant, you must identify which defendant did what act.  You also should state the date(s) on which the act(s) occurred, if possible.

4. <u>Injury</u>.  State precisely how you were injured by the alleged violation of your rights.

5. <u>Administrative Remedies</u>.  You must exhaust any available administrative remedies before you file a civil rights complaint.  <u>See</u> 42 U.S.C. § 1997e.  Consequently, you should disclose whether you have exhausted the inmate grievance procedures or administrative appeals for each count in your complaint.  If the grievance procedures were not available for any of your counts, fully explain why on the lines provided.

**Part D.  REQUEST FOR RELIEF:**
Print the relief you are seeking in the space provided.

**SIGNATURE:**
You must sign your name and print the date you signed the complaint.  Failure to sign the complaint will delay the processing of your action.  Unless you are an attorney, you may not bring an action on behalf of anyone but yourself.

**FINAL NOTE**

You should follow these instructions carefully.  Failure to do so may result in your complaint being stricken or dismissed.  All questions must be answered concisely in the proper space on the form.  If you need more space, you may attach no more than fifteen additional pages.  But the form must be completely filled in to the extent applicable.  If you attach additional pages, be sure to identify which section of the complaint is being continued and number the pages.

_____
Name and Prisoner/Booking Number

_____
Place of Confinement

_____
Mailing Address

_____
City, State, Zip Code

**(Failure to notify the Court of your change of address may result in dismissal of this action.)**

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF ARIZONA

_____ ,  )
(Full Name of Plaintiff)          )
      Plaintiff,   )
               )
     vs.   )   **CASE NO.** _____
               )         **(To be supplied by the Clerk)**
(1) _____ ,  )
(Full Name of Defendant)          )
(2) _____ ,  )
               )   **CIVIL RIGHTS COMPLAINT**
(3) _____ ,  )   **BY A PRISONER**
               )
(4) _____ ,  )   ☐ Original Complaint
      Defendant(s).   )   ☐ First Amended Complaint
☐ Check if there are additional Defendants and attach page 1-A listing them.   )   ☐ Second Amended Complaint

## A. JURISDICTION

1.    This Court has jurisdiction over this action pursuant to:
        ☐ 28 U.S.C. § 1343(a); 42 U.S.C. § 1983
        ☐ 28 U.S.C. § 1331; Bivens v. Six Unknown Federal Narcotics Agents, 403 U.S. 388 (1971).
        ☐ Other: _____ .

2.    Institution/city where violation occurred: _____ .

Revised 3/9/07                     1                     **550/555**

## B.  DEFENDANTS

1.  Name of first Defendant: _____. The first Defendant is employed as:
    _____at_____.
    (Position and Title)                                                        (Institution)

2.  Name of second Defendant: _____. The second Defendant is employed as:
    _____at_____.
    (Position and Title)                                                        (Institution)

3.  Name of third Defendant: _____. The third Defendant is employed as:
    _____at_____.
    (Position and Title)                                                        (Institution)

4.  Name of fourth Defendant: _____. The fourth Defendant is employed as:
    _____at_____.
    (Position and Title)                                                        (Institution)

**If you name more than four Defendants, answer the questions listed above for each additional Defendant on a separate page.**

## C.  PREVIOUS LAWSUITS

1.  Have you filed any other lawsuits while you were a prisoner?      ☐ Yes      ☐ No

2.  If yes, how many lawsuits have you filed? _____.  Describe the previous lawsuits:

    a.  First prior lawsuit:
        1.  Parties: _____ v. _____
        2.  Court and case number: _____.
        3.  Result:  (Was the case dismissed?  Was it appealed?  Is it still pending?)_____
            _____.

    b.  Second prior lawsuit:
        1.  Parties: _____ v. _____
        2.  Court and case number: _____.
        3.  Result:  (Was the case dismissed?  Was it appealed?  Is it still pending?)_____
            _____.

    c.  Third prior lawsuit:
        1.  Parties: _____ v. _____
        2.  Court and case number: _____.
        3.  Result:  (Was the case dismissed?  Was it appealed?  Is it still pending?)_____
            _____.

**If you filed more than three lawsuits, answer the questions listed above for each additional lawsuit on a separate page.**

## D.  CAUSE OF ACTION

### COUNT I

1.   State the constitutional or other federal civil right that was violated: _____
_____.

2.   **Count I**.  Identify the issue involved.  Check **only one**.  State additional issues in separate counts.
   ☐ Basic necessities     ☐ Mail     ☐ Access to the court     ☐ Medical care
   ☐ Disciplinary proceedings     ☐ Property     ☐ Exercise of religion     ☐ Retaliation
   ☐ Excessive force by an officer     ☐ Threat to safety   ☐ Other: _____

3.   **Supporting Facts.**  State as briefly as possible the FACTS supporting Count I.  Describe exactly what **each Defendant** did or did not do that violated your rights.  State the facts clearly in your own words without citing legal authority or arguments.
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____.

4.   **Injury.**  State how you were injured by the actions or inactions of the Defendant(s).
_____
_____
_____.

5.   **Administrative Remedies:**
   a.   Are there any administrative remedies (grievance procedures or administrative appeals) available at your institution?     ☐ Yes    ☐ No
   b.   Did you submit a request for administrative relief on Count I?     ☐ Yes    ☐ No
   c.   Did you appeal your request for relief on Count I to the highest level?     ☐ Yes    ☐ No
   d.   If you did not submit or appeal a request for administrative relief at any level, briefly explain why you did not. _____
_____.

3

**COUNT II**

1.   State the constitutional or other federal civil right that was violated:  _____
_____.

2.   **Count II.**  Identify the issue involved.  Check **only one**.  State additional issues in separate counts.
☐ Basic necessities             ☐ Mail             ☐ Access to the court        ☐ Medical care
☐ Disciplinary proceedings      ☐ Property         ☐ Exercise of religion       ☐ Retaliation
☐ Excessive force by an officer ☐ Threat to safety ☐ Other: _____.

3.   **Supporting Facts.**  State as briefly as possible the FACTS supporting Count II.  Describe exactly what
**each Defendant** did or did not do that violated your rights.  State the facts clearly in your own words without
citing legal authority or arguments.

_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____.

4.   **Injury.**  State how you were injured by the actions or inactions of the Defendant(s).

_____
_____
_____.

5.   **Administrative Remedies.**
a.   Are there any administrative remedies (grievance procedures or administrative appeals) available
at your institution?                                                        ☐ Yes     ☐ No
b.   Did you submit a request for administrative relief on Count II?          ☐ Yes     ☐ No
c.   Did you appeal your request for relief on Count II to the highest level? ☐ Yes     ☐ No
d.   If you did not submit or appeal a request for administrative relief at any level, briefly explain why
you did not.  _____
_____.

4

**COUNT III**

1.  State the constitutional or other federal civil right that was violated: _____
_____.

2.  **Count III.**  Identify the issue involved.  Check **only one**.  State additional issues in separate counts.
    ☐ Basic necessities          ☐ Mail              ☐ Access to the court        ☐ Medical care
    ☐ Disciplinary proceedings   ☐ Property          ☐ Exercise of religion       ☐ Retaliation
    ☐ Excessive force by an officer  ☐ Threat to safety  ☐ Other: _____.

3.  **Supporting Facts.**  State as briefly as possible the FACTS supporting Count III.  Describe exactly what **each Defendant** did or did not do that violated your rights.  State the facts clearly in your own words without citing legal authority or arguments.

_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____.

4.  **Injury.**  State how you were injured by the actions or inactions of the Defendant(s).

_____
_____
_____.

5.  **Administrative Remedies.**
    a.  Are there any administrative remedies (grievance procedures or administrative appeals) available at your institution?                                        ☐ Yes   ☐ No
    b.  Did you submit a request for administrative relief on Count III?              ☐ Yes   ☐ No
    c.  Did you appeal your request for relief on Count III to the highest level?     ☐ Yes   ☐ No
    d.  If you did not submit or appeal a request for administrative relief at any level, briefly explain why you did not. _____
_____.

**If you assert more than three Counts, answer the questions listed above for each additional Count on a separate page.**

## E.  REQUEST FOR RELIEF

State the relief you are seeking:

_____
_____
_____
_____
_____
_____
_____.


I declare under penalty of perjury that the foregoing is true and correct.

Executed on _____          _____
                         DATE                                              SIGNATURE OF PLAINTIFF


_____
(Name and title of paralegal, legal assistant, or
other person who helped prepare this complaint)


_____
(Signature of attorney, if any)

_____
_____
_____
(Attorney's address & telephone number)


## ADDITIONAL PAGES

All questions must be answered concisely in the proper space on the form.  If you need more space, you may attach no more than fifteen additional pages.  But the form must be completely filled in to the extent applicable.  If you attach additional pages, be sure to identify which section of the complaint is being continued and number all pages.