WO

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Anthony Jackson II,<br><br>            Plaintiff,<br><br>   vs.<br><br>Charles Ryan, et al.,<br><br>            Defendants. | No.  CV 13-630-PHX-RCB (LOA)<br><br>**O R D E R** |

On March 28, 2013, Plaintiff Anthony Jackson, who is confined in the Arizona State Prison Complex-Lewis (ASPC-Lewis) in Buckeye, Arizona, filed a "Notice of Intention to File Tort Claim."  On June 24, 2013, he filed a "Notice to Court," in which he states that he made a mistake and "will be filing a 42 USC 1983 Civil Rights Complaint."

In a July 17, 2013 Order, the Court noted that Plaintiff had not paid the $350.00 filing fee or filed an Application to Proceed *In Forma Pauperis*.  The Court gave Plaintiff 30 days to either pay the filing fee or file a complete Application to Proceed.  In addition, the Court construed the "Notice of Intention to File Tort Claim" as a "Complaint" and dismissed it because it was not filed on a court-approved form, as required by Local Rule of Civil Procedure 3.4.  The Court gave Plaintiff 30 days to file an amended complaint on a court-approved form.

On July 31, 2013, Plaintiff filed a First Amended Complaint pursuant to 42 U.S.C. § 1983, a Motion for a Temporary Restraining Order, and an Application to Proceed *In*

*Forma Pauperis*. In an October 28, 2013 Order, the Court granted the Application to Proceed, dismissed the First Amended Complaint for failure to state a claim, and denied without prejudice the Motion for a Temporary Restraining Order. The Court gave Plaintiff 30 days to file a second amended complaint that cured the deficiencies identified in the Order.

On December 2, 2013, Plaintiff filed a Second Amended Complaint (Doc. 12). The Court will dismiss the Second Amended Complaint and this action.

**I.    Statutory Screening of Prisoner Complaints**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or an employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if a plaintiff has raised claims that are legally frivolous or malicious, that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2).

A pleading must contain a "short and plain statement of the claim *showing* that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2) (emphasis added). While Rule 8 does not demand detailed factual allegations, "it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.*

"[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "Determining whether a complaint states a plausible claim for relief [is] . . . a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679. Thus, although a plaintiff's specific factual allegations may be consistent with a constitutional claim, a court must

assess whether there are other "more likely explanations" for a defendant's conduct. *Id.* at 681.

But as the United States Court of Appeals for the Ninth Circuit has instructed, courts must "continue to construe *pro se* filings liberally." *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010). A "complaint [filed by a *pro se* prisoner] 'must be held to less stringent standards than formal pleadings drafted by lawyers.'" *Id.* (quoting *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (*per curiam*)).

## II.  Second Amended Complaint

In his one-count Second Amended Complaint, Plaintiff sues the following Defendants, who are employed in the Barchey Unit at ASPC-Lewis: Deputy Warden Kimberly Currier, "S.S.U." Sergeants Kindall and King, Correctional Officer IV Baca, and Sergeants Grant and Hilbun.

Plaintiff alleges that his Eighth Amendment rights were violated. Plaintiff asserts that in August 2012, inmates attempted to extort him and another inmate and threatened them with bodily harm and death if they did not agree to help facilitate bringing contraband into the prison. Plaintiff claims that "[a]n attempt was made [by someone] to provide notice to Defendants [Kindall and King] through the inmate letter system" and to a nonparty by electronic mail, but "[n]o response was ever received from either of them" and they did not "call Plaintiff in." Plaintiff states that the inmates' threats escalated and he and the other inmate "came up with the idea[] to give the information to the visitation officer via letter to family." Plaintiff states that he was told by someone that "disciplinary action would be written and forward[ed] with documents to insure that the issue would be brought to the attention of appropriate staff," but staff was also warned by someone that Plaintiff's life would be in danger if he remained on the unit. Plaintiff states that Defendant Currier failed to transfer Plaintiff to a different unit after she was "notified of such action."

Plaintiff also claims that he told prison staff that his life was in danger, they told him to return to a unit, and he informed them that he could not because he had "[do not

1  house] issues" in that unit.  Plaintiff contends that at that point, Defendants Baca, Grant,
2  and Hilbun placed Plaintiff on report for refusing to house.  Plaintiff also states that after
3  he filed a lawsuit in January 2012, Defendant Baca again asked Plaintiff to return to the
4  unit, Plaintiff stated that his life was in danger in that unit, and Defendant Baca again
5  placed Plaintiff on report for refusing to house.  Plaintiff states that he believes this was
6  "out of retaliation."  Plaintiff asserts that a disciplinary sergeant found Plaintiff guilty,
7  without allowing Plaintiff to call witnesses or submit a witness statement.
8         Plaintiff alleges that he suffered mental anguish.  In his Request for Relief,
9  Plaintiff seeks injunctive relief, monetary damages, and his costs of suit.

10  **III.  Failure to State a Claim**

11         Although *pro se* pleadings are liberally construed, *Haines v. Kerner*, 404 U.S. 519,
12  520-21 (1972), conclusory and vague allegations will not support a cause of action.  *Ivey*
13  *v. Bd. of Regents of the Univ. of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982).  Further, a
14  liberal interpretation of a civil rights complaint may not supply essential elements of the
15  claim that were not initially pled.  *Id*.

16         An Eighth Amendment claim requires a sufficiently culpable state of mind by the
17  Defendants, known as "deliberate indifference."  *Farmer v. Brennan*, 511 U.S. 825, 834
18  (1994).  Deliberate indifference is a higher standard than negligence or lack of ordinary
19  due care for the prisoner's safety.  *Id.* at 835.  To state a claim of deliberate indifference,
20  plaintiffs must meet a two-part test.  First, the alleged constitutional deprivation must be,
21  objectively, "sufficiently serious"; the official's act or omission must result in the denial
22  of "the minimal civilized measure of life's necessities."  *Id.* at 834.  Second, the prison
23  official must have a "sufficiently culpable state of mind," *i.e.*, he must act with deliberate
24  indifference to inmate health or safety.  *Id.*  In defining "deliberate indifference" in this
25  context, the Supreme Court has imposed a subjective test: "the official must both be
26  aware of facts from which the inference could be drawn that a substantial risk of serious
27  harm exists, *and* he must also draw the inference."  *Id.* at 837 (emphasis added).
28         Plaintiff's allegations are too vague and conclusory to state a deliberate

indifference claim. Plaintiff does not allege whether an inmate letter was actually submitted to Defendants Kindall and King, and, if it was, who submitted it or what it stated. Plaintiff does not claim that Defendants Kindall and King were deliberately indifferent to a substantial risk to Plaintiff's safety. Specifically, Plaintiff does not indicate whether Defendants Kindall and King actually received the letter, whether they completely disregarded the letter, whether they took no action at all as a result of the letter, whether their failure to respond or "call Plaintiff in" was more than mere negligence, or whether they investigated the issue and did not respond because they determined that no substantial risk to Plaintiff's safety existed.

Similarly, Plaintiff does not identify the actions about which Defendant Currier was notified and does not allege that Defendant Currier was deliberately indifferent. He does not claim that she failed to act; he simply alleges that she did not transfer him. Nor does he indicate whether she completely disregarded the information, whether her failure to transfer him was more than mere negligence, or whether she investigated the issue and did not transfer Plaintiff because she determined that no substantial risk to his safety existed. The Court also notes that Plaintiff is not currently confined in the unit in which he was threatened and that Plaintiff does not allege that he was injured at all by the inmates.

As to Plaintiff's claims regarding being placed on disciplinary report by Defendants Baca, Grant, and Hilbun, Plaintiff does not allege that these Defendants acted with deliberate indifference to a serious risk of harm. Thus, he has failed to state an Eighth Amendment deliberate indifference claim.

Moreover, the Court notes that in his Request for Relief, Plaintiff seeks, among other things, for his disciplinary proceedings or sanctions to be vacated and for his good time credits and parole class three to be reinstated. "[A] state prisoner seeking injunctive relief against the denial or revocation of good-time credits must proceed in habeas corpus, and not under § 1983." *Nonnette v. Small*, 316 F.3d 872, 875 (9th Cir. 2002). In addition, if a judgment for Plaintiff regarding the denial of due process in a prison

1  disciplinary proceeding would invalidate or imply the invalidity of the deprivation of
2  good-time credits, the claim is barred under *Heck v. Humphrey*, 512 U.S. 477 (1994),
3  unless Plaintiff can show that the disciplinary conviction has been previously invalidated.
4  *See Edwards v. Balisok*, 520 U.S. 641, 646-48 (1997); *Heck*, 512 U.S. at 486-87;
5  *Nonnette*, 316 F.3d at 875.  *See also Wilkinson v. Dotson*, 544 U.S. 74, 81-82 (2005)
6  ("[A] state prisoner's § 1983 action is barred (absent prior invalidation)–no matter the
7  relief sought (damages or equitable relief), no matter the target of the prisoner's suit
8  (state conduct leading to conviction or internal prison proceedings)–*if* success in that
9  action would necessarily demonstrate the invalidity of confinement or its duration.").
10 Here, Plaintiff's claim regarding the disciplinary reports, if decided in his favor, would
11 either invalidate or imply the invalidity of the loss of his good time credits.  Because
12 Plaintiff has not demonstrated that his prison disciplinary proceedings have been
13 reversed, expunged, declared invalid, or called into question by a federal court's issuance
14 of a writ of habeas corpus, his claim is barred by *Heck*.

15      Finally, Plaintiff's vague and conclusory allegation that Defendant Baca acted
16 "out of retaliation" is insufficient to state a retaliation claim.  A viable claim of First
17 Amendment retaliation contains five basic elements: (1) an assertion that a state actor
18 took some adverse action against an inmate (2) because of (3) that prisoner's protected
19 conduct, and that such action (4) chilled the inmate's exercise of his First Amendment
20 rights (or that the inmate suffered more than minimal harm) and (5) did not reasonably
21 advance a legitimate correctional goal.  *Rhodes v. Robinson*, 408 F.3d 559, 567-68 (9th
22 Cir. 2005); *see also Hines v. Gomez*, 108 F.3d 265, 267 (9th Cir. 1997) (retaliation claims
23 requires an inmate to show (1) that the prison official acted in retaliation for the exercise
24 of a constitutionally protected right, and (2) that the action "advanced no legitimate
25 penological interest").  The plaintiff has the burden of demonstrating that his exercise of
26 his First Amendment rights was a substantial or motivating factor behind the defendants'
27 conduct.  *Mt. Healthy City School Dist. Bd. of Educ. v. Doyle*, 429 U.S. 274, 287 (1977);
28 *Soranno's Gasco, Inc. v. Morgan*, 874 F.2d 1310, 1314 (9th Cir. 1989).   Plaintiff does

not allege that his filing of the other lawsuit was a substantial or motivating factor behind Defendant Baca's conduct, that Plaintiff suffered more than minimal harm or his First Amendment rights were chilled, or that Defendant Baca's conduct did not advance a legitimate penological goal.

Thus, the Court will dismiss Plaintiff's Second Amended Complaint.

### IV.     Dismissal without Leave to Amend

Because Plaintiff has failed to state a claim in his Second Amended Complaint, the Court will dismiss his Second Amended Complaint. "Leave to amend need not be given if a complaint, as amended, is subject to dismissal." *Moore v. Kayport Package Express, Inc.*, 885 F.2d 531, 538 (9th Cir. 1989). The Court's discretion to deny leave to amend is particularly broad where Plaintiff has previously been permitted to amend his complaint. *Sisseton-Wahpeton Sioux Tribe v. United States*, 90 F.3d 351, 355 (9th Cir. 1996). Repeated failure to cure deficiencies is one of the factors to be considered in deciding whether justice requires granting leave to amend. *Moore*, 885 F.2d at 538.

Plaintiff has made multiple efforts at crafting a viable complaint and appears unable to do so despite specific instructions from the Court. The Court finds that further opportunities to amend would be futile. Therefore, the Court, in its discretion, will dismiss Plaintiff's Second Amended Complaint without leave to amend.

**IT IS ORDERED:**

(1)     Plaintiff's Second Amended Complaint (Doc. 12) and this action are **dismissed** for failure to state a claim, and the Clerk of Court must enter judgment accordingly.

(2)     The Clerk of Court must make an entry on the docket stating that the dismissal for failure to state a claim may count as a "strike" under 28 U.S.C. § 1915(g).

. . . .

. . . .

. . . .

. . . .

   (3) The docket shall reflect that the Court certifies, pursuant to 28 U.S.C. § 1915(a)(3) and Federal Rules of Appellate Procedure 24(a)(3)(A), that any appeal of this decision would not be taken in good faith.

   DATED this 28th day of April, 2014.

*(signature)*
Stephen M. McNamee
Senior United States District Judge